UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLAIRE BARNARD,<br><br>         Plaintiff,<br><br>- against -<br><br>CONSUMER RECOVERY ASSOCIATES, LLC,<br><br>         Defendant. | ECF Case<br><br>Jury Trial Demanded<br><br>COMPLAINT<br><br>Case No. |

  Plaintiff, by and through her undersigned attorney, alleges upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, and brings this Complaint against the above-named Defendant, and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

  1. This is an action for statutory damages brought by the Plaintiff, Claire Barnard ("Plaintiff"), an individual consumer, against the Defendant, Consumer Recovery Associates, LLC ("Defendant"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**JURISDICTION**

  2. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, Claire Barnard, is a natural person residing in Morris County, New Jersey.

4. Upon information and belief, Defendant, Consumer Recovery Associates, LLC, is a Virginia limited liability company engaged in the business of collecting debts in this state with its principal place of business located at 2697 International Parkway, Suite 270, Virginia Beach, VA 23452.

## FACTUAL ALLEGATIONS

5. On or about February 15, 2007, the Plaintiff received a telephone call (the "Telephone Call") from Eric Perry ("Perry") an employee of Consumer Recovery Associates, LLC.

6. The purpose of the Telephone Call was to attempt to collect a debt (the "Debt") incurred by the Plaintiff's ex-husband, Frank J. Lang ("Lang").

7. Upon information and belief, the Debt was incurred by Lang from August, 1992 until November, 1999.

8. Upon information and belief, the Debt was incurred on a Citibank credit card.

9. Upon information and belief, the Debt is approximately $11,000.

10. The Plaintiff was not a signatory on the debt to Citibank and is not legally responsible for the Debt.

11. During the course of the Telephone Call, Perry advised the Plaintiff that she was responsible for the debt because she was married to Lang at the time the Debt was incurred.

12. During the course of the Telephone Call, Perry advised the Plaintiff that he would file a lien against the Plaintiff's business if she did not pay the Debt.

13. During the course of the Telephone Call, Perry advised the Plaintiff that he would ruin her credit if she did not pay the Debt.

14. Perry offered to settle the claim if the Plaintiff paid the Defendant the sum of $3,000.

## AS AND FOR A FIRST CAUSE OF ACTION

15. The Plaintiff repeats the allegations contained in Paragraphs 1 through 14 of this Complaint as if they were set forth at length herein.

16. The Telephone Call violated the FDCPA. Defendant's violations of the FDCPA include, but are not limited to, the following:

    a. The Defendant violated the FDCPA by failing to send the Plaintiff a consumer validation notice within five days of an initial communication as required by 15 U.S.C. § 1692e(11);

    b. The Defendant violated the FDCPA by misrepresenting the character and amount of the Debt in violation of 15 U.S.C. § 1692e(2);

    c. The Defendant violated the FDCPA by representing and implying that nonpayment of the Debt would result in the seizure, garnishment, attachment, and/or sale of any property or wages of the Plaintiff in violation of 15 U.S.C. § 1692e(4);

    d. The Defendant violated the FDCPA by threatening to take action against the Plaintiff that cannot legally be taken in violation of 15 U.S.C. § 1692(e)(5);

    e. The Defendant violated the FDCPA by threatening to communicate credit information which the Defendant knew to be false to a credit reporting agency in violation of 15 U.S.C. § 1692(e)(8);

    f. The Defendant violated the FDCPA by making false representations in order to collect a debt in violation of 15 U.S.C. § 1692(e)(10);

17. As a result of the foregoing violations of the FDCPA, the Defendant is liable to the Plaintiff for statutory damages, costs and attorney's fees.

3

**WHEREFORE**, the Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that the Defendant's conduct violated the FDCPA;

    B.    An order enjoining the Defendant from collecting the Debt from the Plaintiff;

    C.    Statutory damages pursuant to U.S.C. § 1692k;

    D.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1692k; and

    E.    For such other and further relief as the Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       March 1, 2007

Respectfully submitted,

       s/ Randall S. Newman
Randall S. Newman, Esq. (RN7862)
The Law Offices of Randall S. Newman, P.C.
80 Wall Street, Suite 815
New York, NY  10005
Tel: (212) 797-3737

*Attorney for Plaintiff,
Claire Barnard*

4